**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| SIDNEY KEYS, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:24-cv-00478-AGF |
| ) | |
| UNITED STATES POSTAL SERVICE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on self-represented plaintiff Sidney Keys, Sr.'s application to proceed in the district court without prepaying fees or costs. After reviewing plaintiff's financial information, the Court grants plaintiff leave to proceed without payment of the filing fee. Furthermore, after initial review, the Court will dismiss plaintiff's complaint for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, nor are they required to interpret procedural rules to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff frequently files lawsuits in this Court. He has filed twelve lawsuits in the past month. In this case, plaintiff seems to allege he was fired in 1993 from the United States Postal Service (USPS) in retaliation for reporting that at least two innocent employees of the USPS were incarcerated based on the false testimony of three drug informants. He states that he was also a drug informant for the postal inspector at this time. Plaintiff states that he developed post-traumatic stress disorder from the retaliation and harassment at the USPS. For damages, he seeks an unknown amount to be awarded at a jury trial.

Apparently unrelated to these allegations, plaintiff also states that he became disabled in January, 2010 while working at the USPS and never received workers' compensation payments. On April 1, 2024, he filed several documents with the Court to help substantiate this claim. He

provided a letter dated March 25, 2010 from his primary physician, Dr. M. Imran Christie. *See* ECF No. 4 at 3.[1] The letter is addressed "to whom it may concern," and in it Dr. Christie states that she treats plaintiff for attention deficit disorder and post-traumatic stress disorder. The letter states that "[a]t the present time he cannot return to work due to his mental state." *Id.* Plaintiff has also attached his 2023 tax form 1099-R. He has circled on this form the box titled "Distribution Code(s)" and the notation "3-Disability." Handwritten on this form is plaintiff's notation "This [is] proof that I became disabled at Florissant Post Office. I am owed 14 years of workmen compen[sation] money." *Id.* at 4.

In addition, plaintiff alleges that on March 26, 2024, he was delivered a certified letter when he was not home.

**Discussion**

Plaintiff's legal theories are unclear. He states that he is claiming racial discrimination by his supervisors at the USPS. (Compl. at 3). It also seems he is attempting to allege retaliation in violation of the First Amendment. In either event, his claims arose in 1993 and are barred by the applicable statute of limitations. *See* 42 U.S.C. §§ 2000e-5(e)(1) (establishing 180-day statute of limitations to Title VII action); *Sulik v. Taney Cty., Mo.*, 393 F.3d 765, 767 (8th Cir. 2005) (establishing five-year statute of limitations applies to actions brought in Missouri under 42 U.S.C. § 1983).

As for his allegations regarding workers' compensation payments, these allegations are entirely conclusory and not sufficient to state a plausible claim. *See Iqbal*, 556 U.S. at 678. They

---

[1] Plaintiff has handwritten notes all over the letter. It seems the letter was used in a separate proceedings. Plaintiff has written "TO: Judge Frawley" on the letter.

are also time barred. Plaintiff has not alleged that he ever filed a claim under the Federal Employees' Compensation Program and it was wrongfully denied. Under the Federal Employees' Compensation Act (FECA), a claim for compensation must be filed within three years of the date of the injury. Plaintiff alleges he suffered post-traumatic stress disorder from his job at the USPS in 2010. Therefore, the statute of limitations for filing a claim for compensation expired in 2013. He filed this case more than a decade later.

Finally, plaintiff has established no federal cause of action arising out of his certified mail being delivered when he was not home.

For these reasons, plaintiff's complaint will be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepaying fees and costs is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that this action will be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED as moot**. [ECF No. 3]

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 4th day of April, 2024.

_Audrey G. Fleissig_
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE